**Order entered May 26, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01448-CV

**DELORES RUBIO, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIE PEDRO RUBIO, JR., Appellant**

**V.**

**EXCELL ELECTRICAL CONTRACTORS, INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-01239-D**

## ORDER
### Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart

On April 2, 2015, this appeal was dismissed for want of prosecution, specifically because appellant failed to pay for or make arrangements to pay for the clerk's record despite being notified the case would be dismissed if she did not do so. On April 14, 2015, appellant filed a motion for reinstatement and abatement. Attached to the motion to reinstate is proof of payment for the clerk's record. Appellant also seeks to have the appeal abated after reinstatement "to allow the parties additional time to resolve their dispute via the administrative process" regarding appellant's right to certain workers' compensation benefits. Specifically, appellant explained in the motion that appellee was granted summary judgment in the trial court because the trial court agreed with appellee that as "the parent—rather than a spouse or child—of the deceased, she

could not recover exemplary damages for [her son's] wrongful death. Workers' compensation death benefit—which appellee's insurer Service Lloyd Insurance Co. had been ordered by the Worker's Compensation Division to pay—were her sole remedy."  Thereafter, Lloyd's disputed appellant's entitlement to death benefits, so appellant filed a notice of appeal "out of an abundance of caution."  After perfecting the appeal, appellant and Lloyd's have engaged in a series of administrative proceedings, which were likely to have been resolved at a contested case hearing scheduled for May 7, 2015.  According to appellant, the clerk's record was not paid for until the appeal was dismissed "in anticipation that an administrative resolution of the dispute would render the appeal moot."

After considering both appellant's motion and appellee's response, we **GRANT** appellant's motion, **VACATE** our dismissal opinion and judgment of April 2, 2015 and **REINSTATE** this appeal.

The clerk's record in this case was filed on May 5, 2015.  The reporter's record has not been filed.  By letter dated December 12, 2014, we informed appellant the Court Reporter had notified us that the reporter's record had not been filed because appellant had not (1) requested the record; or (2) paid for or made arrangements to pay for the record.  We directed appellant to provide the Court with written verification the reporter's record had been requested or to provide written verification the reporter's record had been paid for or that arrangements to pay for the record had been made.  We cautioned appellant that failure to provide the requested verification might result in the Court ordering the appeal submitted without the reporter's record.  To date, appellant has not provided the required verification.  Accordingly, we **ORDER** appellant to provide the verification requested by the Court on December 12, 2014 by **5:00 p.m. on Friday,**

**May 29, 2015**.  *Failure to do so **WILL** result in the appeal being ordered submitted without the reporter's record.   See* TEX. R. APP. P. 37.3(c).

Further, we **ORDER** appellant to file a status report regarding the May 7, 2015 contested case hearing by **5:00 p.m. on Friday, June 5, 2015.**  *Failure to do so **WILL** result in the dismissal of this appeal without further notice*.  *See* TEX. R. APP. P. 42.3 (b)(c).

/s/     CAROLYN WRIGHT
CHIEF JUSTICE